UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAYLA DOHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERCK & CO., INC., | ) | Case No. 1:15-cv-00129-DBH |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S REQUEST TO CERTIFY QUESTIONS OF STATE LAW TO THE MAINE SUPREME JUDICIAL COURT SITTING AS THE LAW COURT

Pursuant to M.R. App. P. 25 and 4 M.R.S. § 57, Plaintiff Kayla Doherty, by and through undersigned counsel, respectfully requests that this Court certify the questions of state and constitutional law set forth below to the Maine Supreme Judicial Court sitting as the Law Court ("the Law Court"). In support of her request, Plaintiff states as follows:

I.   INTRODUCTION

The relevant facts underlying Plaintiff's cause of action against Defendants USA and Merck are recited in her First Amended Complaint (Doc. 11), as well as her opposition to the motions to dismiss filed by Defendants (Doc. 26). This is a medical malpractice and strict products liability case, alleging that the failed insertion of a long-acting implantable contraceptive called Implanon[1] caused Plaintiff to suffer an unintended pregnancy.

---

[1] The drug Kayla Doherty intended to purchase from her physician was either Implanon or Nexplanon. *See* Doc. 26 at note 7.

1

Defendants USA and Merck have each filed a motion to dismiss the First Amended Complaint, arguing that the Maine Wrongful Birth Statute completely bars the relief requested by Plaintiff. *See* 24 M.R.S. § 2931 (hereinafter "the WBS"). On August 6, 2015, Plaintiff filed a F.R. Civ. P. 5.1 Notice of State Constitutional Question (Doc. 20), indicating that the WBS is unconstitutional both on its face and as applied to her. In resolving those constitutional questions, this Court must decide novel issues of state law regarding the interpretation and application of the WBS. As set forth below, the Law Court is in a better position to resolve these questions.

## II.     QUESTIONS OF STATE LAW FOR CERTIFICATION

Plaintiff requests that the Court certify each of the following questions to the Law Court:

1. Is the term "sterilization procedure" found in 24 M.R.S. § 2931(2) ambiguous because it is reasonably susceptible of more than one interpretation?

2. Does the WBS have a disparate impact on women, requiring the Court to apply intermediate equal protection scrutiny when analyzing its constitutionality?

3. Does the WBS apply to product liability claims, when it was clearly enacted as part of the Maine Health Security Act, which applies only to "actions for professional negligence" as defined in 24 M.R.S. § 2502(6)?

4. If the Defendants' reading of the WBS is correct, does the fact that Plaintiff is left without any remedy whatsoever for her wrongful pregnancy violate the open courts provision of the Maine Constitution or the constitutional right to a civil jury trial?

5. Does the public policy underlying the WBS violate Plaintiff's rights under the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment, when the United

States Supreme Court has declared that privacy and decisional autonomy concerning contraception is a fundamental right?

### III. MEMORANDUM OF LAW

Rule 25(a) of the Maine Rules of Appellate Procedure allows for certification whenever a question of Maine law "may be determinative of the cause" before this Court, and there are "no clear controlling precedents in the decisions of the Supreme Judicial Court." M.R. App. P. 25(a). Under these circumstances, this Court may, "upon its own motion or upon request of any interested party, certify such questions of law of this State to the Supreme Judicial Court sitting as the Law Court, for instructions concerning such questions of state law." *Id.*

On multiple occasions, federal courts in Maine have opted to certify determinative questions of state law under Rule 25(a), rather than set precedent in an area where the Law Court has not yet spoken. Some of these cases include the following: *Dinan v. Alpha Networks, Inc.*, 2013 ME 22, ¶ 1, 60 A.3d 792, 794 ("Does Maine's Timely and Full Payment of Wages Law . . . apply to the reasonable value of an employee's services under quantum meruit?"); *Bradbury GMAC Mortgage, LLC*, 780 F. Supp. 2d 114, 115 (D. Me. 2011) ("Because Maine's Law Court has never addressed whether that common law privilege applies to a statutory claim, and decisions from other jurisdictions are divided, I conclude that it is appropriate to certify the issue."); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation*, 671 F. Supp. 2d 198 (D. Me. 2009); *Darney v. Dragon Products Co., LLC*, 640 F. Supp. 2d 117, 119 (D. Me. 2009) ("The Court also CERTIFIES two determinative and unsettled questions of state law, regarding the viability of claims for trespass based on intangible invasions by dust and vibrations"); *Brown v. Crown Equip. Corp.*, 2008 ME 186, ¶ 1, 960 A.2d 1188, 1190 (certifying questions regarding subsequent duty to warn known product users as well as the jury's dollar adjustment for

comparative negligence in the face of a statutory cap on damages); *Whitney v. Wal-Mart Stores, Inc.*, 370 F. Supp. 2d 323, 324 (D. Me. 2005) (certifying questions about interpreting the Maine Human Rights Act and regulations adopted by the Commission).

When it comes to the importance of certifying novel questions of state law, the First Circuit has explained that: "We would be reluctant to burden the Court with certification, and the litigants with the attendant delay, were we not convinced that the statutory question is of sufficient and prospective importance to state policy." *Pyle v. South Hadley School Committee*, 55 F.3d 20, 22 (1st Cir. 1995).

The United States Supreme Court has emphasized that certification promotes principles of federalism and comity:

> First, principles of federalism and comity favor giving a State's high court the opportunity to answer important questions of state law, particularly when those questions implicate uniquely local matters . . . and might well require the weighing of policy considerations for their correct resolution. Second, by certifying a potentially dispositive state-law issue, the Court would adhere to its wise policy of avoiding the unnecessary adjudication of difficult questions of constitutional law. Third, certification would promote both judicial economy and fairness to the parties. After all, the [state] Supreme Court is the ultimate authority on the meaning of [state] law, and if in later litigation it should disagree with this Court's provisional state-law holding, our efforts will have been wasted and respondent will have been deprived of the opportunity to have her claims heard under the authoritative view of [state] law.

*Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 776-77 (2005) (internal citation omitted).

In the instant case especially, where the "weighing of policy considerations" as well as "difficult questions of constitutional law" are at play, certification is particularly warranted. To the extent that Defendants oppose Plaintiff's request for certification on the ground that Plaintiff opted to file her lawsuit in Federal Court, it is important to note that this Court has exclusive jurisdiction over Federal Tort Claims Act cases. 28 U.S.C. § 1346(b)(1). Furthermore,

4

Defendants rather than Plaintiff created the constitutional questions set forth above by arguing that the WBS is a complete bar to Plaintiff's claims. In the absence of these defenses, Plaintiff would not have raised any constitutional questions at all.

While Defendants argue in their motions to dismiss that the Law Court has considered wrongful pregnancy actions in the past, the only case on point with this one is *Macomber v. Dillman*, which was decided prior to the enactment of the WBS. 505 A.2d 810 (1986). More importantly, the constitutionality of the WBS has never been considered or decided by the Law Court.

## IV. CONCLUSION

In light of the foregoing, this case presents novel questions of Maine law concerning the interpretation of Maine's Wrongful Birth Statute. The Law Court's determination of the state law questions above may be determinative of the entire cause of action. Therefore, this Court should grant Plaintiff's request to certify questions of state law under M.R. App. P. 25(a).

Dated: August 19, 2015          /s/ Laura H. White

                                                                      Laura H. White, Bar No. 4025
                                                                      *Attorney for Plaintiff*
                                                                      BERGEN & PARKINSON, LLC
                                                                      62 Portland Rd., Suite 25
                                                                      Kennebunk, ME 04043
                                                                      (207) 985-7000
                                                                      *lwhite@bergenparkinson.com*

## **CERTIFICATE OF SERVICE**

I, Laura H. White, hereby certify that on this 19th day of August, 2015, I filed the foregoing Request to Certify Questions of State Law to the Maine Supreme Judicial Court Sitting as the Law Court with the court's CM/ECF system, which will automatically send a notice of filing to all counsel of record.

*/s/ Laura H. White*
_____
Laura H. White
*Attorney for Plaintiff*
BERGEN & PARKINSON, LLC
62 Portland Road, Suite 25
Kennebunk, ME 04043
Phone: (207) 985-7000
lwhite@bergenparkinson.com