UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KAYLA DOHERTY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MERCK & CO., INC. and )<br>UNITED STATES OF AMERICA, )<br>)<br>Defendants )<br>)<br>and )<br>)<br>ATTORNEY GENERAL FOR THE )<br>STATE OF MAINE, )<br>)<br>Intervenor Defendant ) | Civil No. 1:15-cv-129-DBH |

PROCEDURAL ORDER

After oral argument in December 2015, I circulated a proposed Certification Order to the parties and directed the parties to comment in writing by January 4, 2016. (ECF. No. 55.) Today I am entering the revised Certification Order for transmittal to the Law Court. In this Procedural Order, I explain to the parties some of the changes I made or declined.

I accept and incorporate Merck's suggestions to highlight throughout the Order and Appendix that the defendants' motions to dismiss the First Amended Complaint have been denied without prejudice, pending the Law Court's answers to the certified questions.

I accept and incorporate the government's suggestion to include more background information related to its role as a defendant in this matter; namely,

more detailed language to reflect that Lovejoy HRCHC is a covered entity under the Federal Tort Claims Act (FTCA) pursuant to the Federally Supported Health Centers Assistance Act, which extends the FTCA's exclusive remedial nature to Lovejoy HRCHC and its employees acting within the scope of their employment.

I do not agree with the defendants' repeated requests to include express characterization of the drugs at issue as "contraceptive" drugs and the procedure that the plaintiff underwent as some form of "contraceptive" procedure.  As I informed the parties at oral argument in December, my goal is to avoid word choices that implicate the legal issues over which they are arguing.  The Statement of Facts describes what the various parties said and did, and I leave the characterization issue and its significance to the Law Court.

I reject Merck's request to state expressly that the plaintiff "did not have an intent to seek permanent sterilization."  Def. Merck & Co., Inc.'s Response to the Ct.'s Proposed Certification Order at 2 (ECF No. 59-1).  The statements from the plaintiff's First Amended Complaint indicating her intention and desire to postpone parenthood until a later point in her life are sufficiently included in the Order and Appendix for the Law Court to determine whether or not the plaintiff's intent in that respect is relevant to its analysis.

I reject Merck's request to strike mention of the plaintiff's contention that the "open courts" provision of the Maine Constitution could bear upon the answers to these questions of state law.  Such a contention could be relevant to the Law Court's statutory analysis.

I recognize that both defendants take issue with certain language used throughout the Order and Appendix that, they assert, misrepresents Implanon and Nexplanon. Specifically, the defendants request that certain technical descriptions of the drugs be corrected. I have attempted to deal with the defendants' concerns by addressing those issues in footnotes throughout the Appendix, but I feel it necessary, at this stage in the litigation, to keep the language as close as possible to that used by the plaintiff in her First Amended Complaint.

SO ORDERED.

DATED THIS 7TH DAY OF JANUARY, 2016

/s/D. Brock Hornby
**D. BROCK HORNBY**
UNITED STATES DISTRICT JUDGE